IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |  |
|---|---|---|
| ALEN DURMIC/ DAMIR DURMIC, | : | |
| Plaintiff, | : | |
| v. | : | |
| STATE FARM INSURANCE CO., | : | CIVIL ACTION NO. |
|  | : | 1:18-cv-2710-AT |
| Defendant. | : | |

## **ORDER**

This matter is before the Court on State Farm Mutual Automobile Insurance Company's[1] Motion to Dismiss [Doc. 5]. State Farm seeks dismissal of Plaintiffs' Complaint under Rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process. For the reasons set forth below, the court **GRANTS** the Motion and **DISMISSES** the Complaint **WITHOUT PREJUDICE**.

## I.  Introduction

On July 5, 2016, Alen Durmic was involved in a car accident which resulted in physical injuries, including a broken femur, broken knee, broken wrist, and damage to disks in his lower back. According to the Complaint, State Farm offered to settle his injury claims for $165,000, but failed to specify the basis for the

---

[1] Plaintiffs, who are proceeding pro se, filed the Complaint against "State Farm Insurance Co." According to the Motion to Dismiss, "State Farm Insurance Co." is not a legal entity authorized to do business in Georgia and therefore subject to suit.

settlement offer. Plaintiff alleges he has and will continue to incur medical expenses in excess of the amount of the settlement offer and seeks an award of damages of $425,000.

On June 11, 2018, Plaintiff filed a Proof of Service purporting to show that the Complaint was "served via certified mail" on June 1, 2018. (Doc. 3.)

## II. Discussion

Plaintiff has failed to properly serve State Farm Mutual Automobile Insurance Company as required under the Federal Rules of Civil Procedure. Under Fed. R. Civ. P. 4(h), a corporation must be served either: (a) by following state law for serving a summons; or (b) by delivering a copy of the summons and complaint to an authorized agent of the corporation to receive service, "and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(A) (citing Fed. R. Civ. P. 4(e)(1)); Fed. R. Civ. P. 4(h)(1)(B).

The Eleventh Circuit has held that Rule 4(h)(1)(B) requires personal service on an agent of a corporation to properly perfect service. *Dyer v. Wal–Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir.2009) (finding that the term "delivering" in Rule 4(h)(1)(B) refers to personal service). In *Dyer* the Court upheld dismissal of a *pro se* action on grounds of imperfect service where the plaintiff's only attempt at service was sending by certified mail a copy of the summons and complaint to the defendant corporation's registered agent.

The court must also examine whether Plaintiff complied with Georgia law governing service of process. *See Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 n. 1 (11th Cir.1985); Fed. R. Civ. P. 4(e)(1). Under Georgia law, "[a] plaintiff may serve a defendant corporation by following the directions of the Civil Practice Act ***or*** by following the directions of the Georgia Business Corporation Code." *Bricks v. Walker Showcase, Inc.*, 336 S.E.2d 37, 37-38 (Ga. 1985) (emphasis added); O.C.G.A. § 9-11-4; O.C.G.A. § 14-2-504; O.C.G.A. § 9-11-4; O.C.G.A. § 14-2-504. A plaintiff may perfect service on a domestic corporation or a foreign corporation authorized to do business in Georgia in several ways.  First, service may be made by delivering a copy of the summons and complaint "to the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof…." O.C.G.A. § 9–11–4(e)(1)(A); *Ritts v. Dealers Alliance Credit Corp.*, 989 F.Supp. 1475, 1478 (N.D.Ga.1997) ("The mailing of a copy of the summons and complaint along with a request for acknowledgment of service to Defendant's registered agent is not sufficient under [the Georgia Civil Practice Act] to perfect service. The service upon a registered agent has to be personal.") (citing *Todd v. Harnischfeger Corp.*, 177 Ga.App. 356, 340 S.E.2d 22, 23 (Ga.Ct.App.1985)).  Second, if for any reason that will not work, service can be made by delivering a copy of the summons and complaint to the Secretary of State (as an agent of the corporation) along with a certification that the plaintiff has forwarded by registered mail the summons and complaint to the last known address of the corporation's office or agent. *Id.*; Ritts *v. Dealers All.*

3

*Credit Corp.*, 989 F. Supp. 1475, 1477–78 (N.D. Ga. 1997) (citing *O'Neal Constr. Co., Inc. v. Lexington Developers, Inc.*, 240 Ga. 376, 378, 240 S.E.2d 856 (1977)). Alternatively, as corporations are required to maintain a registered agent for service of process in Georgia under the Georgia Business Corporation Code, "[i]f a corporation has no registered agent or the agent cannot with reasonable diligence be served, the corporation may be served by registered or certified mail or statutory overnight delivery, return receipt requested, addressed to the secretary of the corporation at its principal office." O.C.G.A. § 14–2–504(a).

Under Georgia law, service on a corporate defendant by mail is insufficient because there is no provision in Georgia law which authorizes a party to serve a defendant corporation directly by certified or registered mail except under certain circumstances, not applicable here. *KMM Industries, Inc. v. Professional Asso.*, 297 S.E.2d 512 (Ga. Ct. App. 1982); O.C.G.A. § 14-2-1510 (permitting service by mail on foreign corporation with no registered agent or registered agent who cannot be personally served); *Profit v. Americold Logistics, LLC*, No. 1:07-cv-1920, 2008 WL 1902190, *2 (N.D.Ga. Apr.25, 2008) (Thrash, J., adopting Walker, M.J.) (concluding that mailing of summons and complaint to corporation under Georgia law was insufficient). Both Federal and Georgia law on service of process require "personal service" – service by hand delivery of the complaint and summons.[2] For

---

[2] However, neither Federal Rule 4 or O.C.G.A. § 9-11-4 permit a party to the action to personally serve process of the complaint and summons. *See* Fed. R. Civ. P. 4 (providing that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint," or "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court"); O.C.G.A. § 9-11-4 (providing that

4

this reason, Plaintiff's attempted service by mail is insufficient under Federal Rule of Civil Procedure 4.

## III. Conclusion

For the foregoing reasons, the Court **GRANTS** State Farm Mutual Automobile Insurance Company's Motion to Dismiss [Doc. 5] for improper service. Accordingly, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 19th day of October, 2018.

_____
AMY TOTENBERG
UNITED STATES DISTRICT JUDGE

---

process shall be served by: (1) the sheriff's office of the county where the action is brought or where the defendant is found; (2) the marshal or sheriff of the court; (3) any U.S. citizen specially appointed by the court for that purpose; (4) a person 18 years or older who is not a party and has been appointed by the court to serve process; or (5) a certified process server).